**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

JILL L. K.,

Plaintiff,

v.

FRANK BISIGNANO, *Commissioner of Social Security*,

Defendant.

Case No. 25-cv-2360 (LMP/SGE)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Jyotsna Asha Sharma, **Disability Partners, PLLC, Roseville, MN**; and Edward A. Wicklund, **Olinsky Law Group, Syracuse, NY**, for Plaintiff.

James D. Sides and Simone Pereira Cain, **Social Security Administration, Baltimore, MD**, for Defendant.

Plaintiff Jill L. K.[1] seeks judicial review of the denial of her application for disability insurance benefits by a Social Security Administration administrative law judge ("ALJ"). *See* ECF No. 1. On July 6, 2026, United States Magistrate Judge Shannon G. Elkins issued a Report and Recommendation ("R&R") recommending that the ALJ's decision be affirmed. *See* ECF No. 31. Jill timely filed a single objection to the R&R. ECF No. 32. This Court reviews the conclusions in the R&R that Jill challenges de novo. Fed. R. Civ. P. 72(b)(3). Portions of the R&R to which Jill does not object, however, are reviewed only for clear error. *Braun v. Minnesota*, No. 22-cv-710 (JRT/JFD), 2022 WL 17038976, at *3

[1] The Court uses the plaintiff's first name throughout this order to comport with this District's practice of using only the first name and last initial of any nongovernmental parties in Social Security cases. No disrespect is intended in doing so.

(D. Minn. Nov. 17, 2022) (citing Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment).[2]

Jill challenges the R&R's conclusion that the ALJ properly considered her subjective complaints of pain. ECF No. 32 at 1–3. The ALJ's decision to partially discredit Jill's subjective complaints must be supported by substantial evidence. *Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003). The Eighth Circuit has enumerated seven "*Polaski*" factors that ALJs should consider in evaluating a claimant's subjective complaints: (1) a claimant's daily activities; (2) the duration, frequency, and intensity of the claimant's pain; (3) any precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; (5) any functional restrictions; (6) the claimant's work history; and (7) the absence of objective medical evidence to support the claimant's complaints. *See Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)). Although the ALJ must make an "express credibility determination explaining the reasons for discrediting the complaints," the ALJ "need not explicitly discuss each factor." *Id.* (citation omitted).

The ALJ followed this framework in evaluating Jill's subjective complaints. First, the ALJ made an "express credibility determination," *id.*, concluding that while Jill's "medically determinable impairments could reasonably be expected to cause the alleged symptoms . . . [her] statements concerning the intensity, persistence and limiting effects of

---

[2] Jill does not object to the R&R's recitation of the factual background of this case, so the Court adopts the R&R's factual background here. The Court therefore will only discuss the facts necessary to resolving Jill's objection.

these symptoms are not entirely consistent with the medical evidence and other evidence in the record," ECF No. 8 at 23. The ALJ also considered the relevant factors when discussing Jill's subjective complaints. For example, although Jill claimed hip pain, the ALJ noted that her medical records from the relevant period indicated that Jill had "full range of motion" in her hips, had "overall excellent strength" of her hip flexors, and had taken epidural steroid injections which provided Jill "approximately six weeks of relief." *Id.* at 23, 469, 820. And while the ALJ recognized that Jill's medical records documented her hip pain, those same medical records reflected that her gait was stable and upright. *Id.* at 23, 820. The ALJ's conclusions considered the effectiveness of Jill's medications, the duration and frequency of her pain, her functional restrictions, and the objective medical evidence in the record—all permissible factors to consider. *See Moore*, 572 F.3d at 524–25 (holding that ALJ properly found that the claimant's "ability to manage her pain through medication was inconsistent with her alleged disabling level of pain"); *Schmitt v. Kijakazi*, 27 F.4th 1353, 1360–61 (8th Cir. 2022) (affirming ALJ's conclusion that claimant's subjective allegations of symptoms was inconsistent with the medical record because, in part, the claimant's "gait was unimpaired").

As for Jill's back pain, the ALJ recognized that Jill suffered from some level of pain, but he also noted that Jill received "sacroiliac injections during the relevant period" and that other than disc protrusion, Jill's medical records "indicate broadly stable low back symptoms not worsening in their severity." ECF No. 8 at 23. Again, the ALJ properly considered the effectiveness of Jill's medication, the duration and frequency of her pain, and the objective medical evidence in the record. *See Moore*, 572 F.3d at 524. The ALJ

also properly considered Jill's use of prescription medication to address her shoulder pain and joint pain caused by arthritis. ECF No. 8 at 23. Although the ALJ did not discuss each of the relevant factors—like Jill's work history—he was not required to. *Moore*, 572 F.3d at 524.

Jill does not really challenge the ALJ's evaluation of the record, only the way the ALJ explained it in his opinion. According to Jill, the ALJ was not applying the *Polaski* factors but simply wrote a "boilerplate conclusion and summary of the evidence." ECF No. 32 at 1. That argument is unpersuasive. While it is true that the ALJ did not explicitly cite *Polaski*, he explained that he was evaluating the record evidence pursuant to "20 CFR 404.1529 and [Social Security Ruling] 16-3p." ECF No. 8 at 22. "Although the ALJ never expressly cited *Polaski* (which is [the Eighth Circuit's] preferred practice), the ALJ cited and conducted an analysis pursuant to 20 C.F.R. § 404.1529 . . . which largely mirror[s] the *Polaski* factors." *Schultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007). Such an analysis adequately complies with the demands of *Polaski*. *See Gerald L. v. Kijakazi*, No. 20-cv-1352 (KMM/TNL), 2022 WL 4472749, at *17 (D. Minn. July 26, 2022) (so holding when the ALJ similarly explained that he considered the evidence "based on the requirements of 20 CFR 404.1529 and SSR 16-3p").

Moreover, after explaining that he was conducting an analysis pursuant to 20 C.F.R. § 404.1529 and Social Security Ruling 16-3p, the ALJ walked through evidence relevant to that analysis. As explained above, the ALJ recounted evidence related to the effectiveness of Jill's medications, the duration and frequency of her pain, her functional restrictions, and the objective medical evidence in the record that contradicted Jill's claim

of disabling pain. Contrary to Jill's assertion, the ALJ did not need to explicitly tie each piece of record evidence to a specific *Polaski* factor in his opinion. *See Buckner v. Astrue*, 646 F.3d 549, 558 (8th Cir. 2011) (affirming an ALJ's credibility determination because he "clearly considered" four *Polaski* factors, even though the ALJ did not explicitly cite to *Polaski*). Like in *Buckner*, the ALJ here "clearly considered" at least four *Polaski* factors. *Id.*; *see* ECF No. 8 at 23. And Jill does not dispute that the record evidence cited by the ALJ in his analysis undermined her subjective claims of pain. *See* ECF No. 32. Accordingly, the ALJ was entitled to credit that evidence and discount Jill's subjective complaints given the "inconsistencies in the evidence as a whole." *Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005) (citation omitted). The Court therefore overrules Jill's objection and adopts the R&R's conclusion that substantial evidence supported the ALJ's decision to partially discredit Jill's subjective complaints.[3]

## CONCLUSION

For these reasons, and based on all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED THAT**:

1. Jill L. K.'s Objection (ECF No. 32) is **OVERRULED**;
2. Jill L. K.'s Motion (ECF No. 16) is **DENIED**;
3. The Commissioner's Motion (ECF No. 24) is **GRANTED**;

---

[3] The R&R also rejected Jill's claims that the ALJ failed to evaluate the supportability and consistency of the relevant medical opinions and that the ALJ's residual functional capacity determination was not supported by substantial evidence. *See* ECF No. 31 at 8–14. Jill did not object to those conclusions, so the Court reviews them for clear error. *Braun*, 2022 WL 17038976, at *3. Discerning no clear error in those conclusions, the Court adopts them.

4. The Report and Recommendation (ECF No. 31) is **ADOPTED IN FULL**;

5. The ALJ's Decision Denying Jill L. K.'s Application for Benefits is **AFFIRMED**; and

6. This matter is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 24, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge